# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UPAID SYSTEMS, LTD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 18-2292-KHV-GEB |
| | ) |
| **ROSEDALE ULTRA WASH,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

This matter is before the Court on Defendant Rosedale Ultra Wash's Motion asking the Court to reconsider its May 18, 2021 decision lifting the stay in the above-captioned case (**ECF No. 40**). Plaintiff Upaid Systems, Ltd. filed a response indicating it does not oppose the motion, does not oppose a stay, and believes a stay is proper. (ECF No. 42 at 2.) Given the positions of the parties, the Court may grant the motion as uncontested.

Additionally, in its discretion, the Court finds reconsideration of its prior order appropriate. District of Kansas Local Rule 7.3(b) addresses reconsideration of non-dispositive rulings, despite there being no counterpart in the Federal Rules.[1] Under D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders, such as the Court's Order lifting the stay (ECF No. 35), must be filed within 14 days after the filing of the

---

[1] *Campbell-Marshall v. JC Penny Co.*, No. 08-2320-CM-DJW, 2008 WL 4540465, at *1 (D. Kan. Oct. 8, 2008) (citing *Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995)).

Order.[2] Such motions seeking reconsideration of non-dispositive orders must be based upon "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[3] Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[4]

The parties' timely briefs indicate there existed some confusion during the May 18, 2021 status conference during which the Court determined the stay should be lifted. The parties communicated following said conference, and although the parties disagree on the mechanics of which party should have or could have corrected such confusion, there is now no doubt the parties clearly wish to continue the stay. And, after review of the briefing and reconsideration of the facts of the case, this Court finds reinstating the stay will not only preserve the judicial economy of the Court's time and resources, but will also preserve the time and resources of all parties.

**IT IS THEREFORE ORDERED** that Defendant Rosedale Ultra Wash's Motion for Reconsideration (**ECF No. 40**) is **GRANTED**. This matter is hereby **STAYED** pending the Federal Circuit Court of Appeal's consideration of the *Card Concepts* appeal[5] from the Northern District of Illinois. Within 14 days of the Federal Circuit's ruling, the parties must file a joint status report updating this Court on the status of the related action.

---

[2] D. Kan. Rule 7.3(b).
[3] *Campbell-Marshall*, 2008 WL 4540465, at *1 (citing D. Kan. Rule 7.3(b)).
[4] *Id.* (citing *Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir.1988)).
[5] *Upaid Systems, Ltd. v. Card Concepts, Inc.*, No. 1:17-cv-08150 (N.D. Ill. filed Nov. 10, 2017; Judgment entered Mar. 29, 2021, ECF No. 172, 173) (Notice of Appeal filed April 27, 2021, Fed. Cir. Case no. 21-1910).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 9th day of June, 2021.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge
